1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TOD SANTEE and SHERRY SANTEE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>MESA AIRLINES, INC., a corporation or other business entity; AMERICA WEST AIRLINES, INC., a corporation or other business entity; XYZ CORPORATIONS 1-6, corporations or other business entities; JOHN DOE 1-3 and JANE DOE 1-3, individually and as husband and wife,<br><br>Defendants. | No. CV-09-207-TUC-CKJ<br><br>**ORDER** |

On July 13, 2009, Magistrate Judge Thomas D. Ferraro issued a Report and Recommendation [Doc. #27] in which he recommended that Plaintiffs' Motion for Remand [Doc. #19] be denied. On July 30, 2009, Plaintiffs Tod and Sherry Santee filed Objections to Report and Recommendation on Motion for Remand [Doc. #28]. On August 4, 2009, Defendants filed their Response to Plaintiffs' Objections to Magistrate Ferraro's Report and Recommendation [Doc. #29]. Plaintiffs' subsequently filed their Reply to Response to Objections to Report and Recommendation [Doc. #32].

. . .

. . .

*Magistrate Judge's Recitation of the Procedural and Factual History*

No objections having been made to the magistrate judge's recitation of the procedural and factual history, the Court adopts those recitations.

*Analysis*

Federal courts are courts of limited jurisdiction. U.S. Const. art. III; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). As such, there exists a "'strong presumption' against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The removal statute is to be strictly construed against removal jurisdiction. *Id.* (citations omitted). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

As an initial matter, this Court must consider whether it has jurisdiction to hear Plaintiffs' claims. "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Additionally, jurisdiction may be conferred upon the federal courts by statute. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675. The United States Supreme Court also recognizes several doctrines which define the constitutional and prudential limitations on the federal courts' power to hear cases. *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Prior to invoking the power of the federal court, it must be determined "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

It is well established that "parties cannot . . . create federal court subject matter jurisdiction by stipulation." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 n.1 (9th Cir. 1993) (citing *Neirbo Company v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939)). Therefore, an agreement between the parties to submit to federal

1 | jurisdiction is insufficient to confer the same upon this Court. Section 1441, 28 U.S.C., delineates which actions are removable. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As such, federal jurisdiction exists only where there is either diversity of citizenship or federal-question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441(a).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429 (internal citations omitted). A corollary to the well-pleaded complaint rule is the doctrine of complete preemption. *Id.* at 393, 107 S.Ct. at 2430. While removal based upon the defense of federal preemption is impermissible, if "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposed of the well-pleaded complaint rule'" removal is proper. *Id.*

As noted in Magistrate Judge Ferraro's Report and Recommendation, complete preemption is very rare. "The test [for complete preemption] is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) (quoting *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993)). In *Wayne*, the Ninth Circuit Court of Appeals considered whether the Airline Deregulation Act of 1978 (ADA) provides a basis for federal jurisdiction under the complete preemption doctrine and unequivocally held that it does not. *Id.* at 1184. Thus, this Court must look to the face of Plaintiffs' well-pleaded complaint to determine whether or not federal-question jurisdiction exists.

| | |
|---|---|
| 1 | Plaintiffs' Complaint alleges negligent handling of Plaintiff Tod Santee's custom |
| 2 | wheelchair and negligence by Defendants in their alleged failure to timely replace the custom |
| 3 | wheelchair with another custom wheelchair resulting in physical injury to Plaintiff Tod |
| 4 | Santee. Compl. at 3. Plaintiffs' Complaint further alleges lost wage, emotional distress and |
| 5 | loss of consortium claims. Compl. at 3-4. The Ninth Circuit has expressly held that the word |
| 6 | "service" in the ADA's preemption clause "was not intended to include an airline's provision |
| 7 | of in-flight beverages, personal assistance to passengers, *the handling of luggage*, and similar |
| 8 | amenities." *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1261 (9th Cir. 1998) |
| 9 | (emphasis added). The *Charas* court concluded "that when Congress enacted *federal* |
| 10 | economic deregulation of the airlines, it intended to insulate the industry from possible *state* |
| 11 | economic regulation as well. . . . It did not intend to immunize the airlines from liability for |
| 12 | personal injuries caused by their tortious conduct." *Id.* at 1266 (emphasis in original). As |
| 13 | such, the face of Plaintiffs' well-pleaded complaint fails to assert a federal cause of action. |
| 14 | In their Objections to the R& R, Plaintiffs assert that their June 5, 2008 |
| 15 | correspondence [Doc. #5, Exh. 2] and Defendants' June 17, 2008 response [Doc. #19-1, Exh. |
| 16 | 2] constitute adequate grounds for demonstrating a federal claim. As Magistrate Judge |
| 17 | Ferraro recognized, whether or not Defendants' standard of care arises from a federal |
| 18 | standard does not vitiate a state law cause of action. *See* R & R at 6; *Merrell Dow* |
| 19 | *Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). |
| 20 | The *Merrell Dow* Court discerned that "the presence of the federal issue as an element of the |
| 21 | state tort is *not* the kind of adjudication for which jurisdiction would serve congressional |
| 22 | purposes and the federal system." *Merrell Dow*, 478 U.S. at 814, 106 S.Ct. at 3235 |
| 23 | (emphasis added). Furthermore, Defendants' June 17 response reiterates their position of |
| 24 | defensive preemption, which does not present grounds for removal. |
| 25 | Plaintiffs further assert that their Request for Admissions "made it unequivocally clear |
| 26 | that Plaintiffs were *asserting* a claim arising out of federal law." Obj. to R & R at 4. |
| 27 | Contrary to Plaintiffs' claims, their Request for Admissions seek Defendants' acquiescence |
| 28 | that they breached a federal standard of care, the claim asserted remains a state law |

negligence cause of action. Plaintiffs also rely on their February 6, 2008 Response to Defendants' Motion for Partial Summary Judgment Re: Negligent Claim Handling [Doc. #9-3] to demonstrate the presence of a federal cause of action. This reliance is misplaced. The Department of Transportation [DOT] regulations regarding an airlines handling of wheelchairs as baggage may represent the standard of care to which Defendants were bound to perform. As noted previously, this is insufficient to sustain federal-question jurisdiction. Alternatively, the regulations may be relevant in a contractual dispute; however, the United States Supreme Court has stated that it is not plausible "that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232, 115 S.Ct. 817, 825, 130 L.Ed.2d 715 (1995). Accordingly, "The ADA's preemption clause, § 1305(a)(1), read together with the FAA's savings clause stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." *Id.* at 232-33, 115 S.Ct. at 826. The Court further recognized that it is improper to "foist on the DOT work Congress has neither instructed nor funded the Department to do." *Id.* at 234, 115 S.Ct. at 826.[1]

Plaintiffs' well-pleaded complaint does not assert an alleged federal cause of action. Subsequent documents do not assert any federal cause of action either. Defendants have clearly asserted preemption as a defense, but this is not grounds for removal jurisdiction of this Court. Moreover, because the parties cannot stipulate to federal jurisdiction, the Court finds that it is without federal-question jurisdiction and this case shall be remanded.

. . .

. . .

---

[1]The Ninth Circuit recognizes ADA preemption regarding limited liability provisions of common carriers; however, heretofore Plaintiffs have not alleged a breach of contract claim. This issue has only arisen in Defendants' preemption defense.

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation [Doc. #27] is ADOPTED in part and REJECTED in part.

1. This case is REMANDED to Pima County Superior Court (Cause # CV2007-3583);

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court; and

3. The Clerk of the Court shall then close its file in this matter.

DATED this 4th day of February, 2010.

_____
Cindy K. Jorgenson
United States District Judge